UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHELLE ROBY**

    **Plaintiff,**

**v.**

                                           **CASE NO.: 4:14-cv-00059-RH/CAS**

**BELKS, INC. (DE).**

    **Defendant.**

                                           /

**PARTIES STIPULATED PROTECTIVE ORDER**

       The Court, after considering the parties' Joint Motion for Entry of Stipulated Protective Order, is of the opinion that the parties have demonstrated good cause for the entry of this Protective Order.  It is therefore ORDERED and ADJUDGED:

       1.     This action arises under Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights, as applicable.

       2.     Based upon the nature of the action before the Court, it may be necessary for the parties to make discovery and take depositions involving information that each or both parties may contend is confidential, proprietary and/or trade secret information, the public disclosure of which would harm one or both parties, or third parties.  The parties' interest in an orderly and expeditious resolution of this matter on its merits would appear to outweigh any societal interest in the disclosure of discovery materials that are subject to this Protective Order.  Further, the degree, duration and manner of confidentiality requested by the parties is no broader than necessary to protect the parties' interest in the protection of trade secrets and confidential information, and no less restrictive measures are available to protect such interests.

3.  This Protective Order is applicable to all parties to this matter for the sole purpose of facilitating discovery in the above-styled case. It is further ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in the presence of a jury.

4.  Except as otherwise provided below, any document, data, thing, deposition, personnel file, testimony, or interrogatory answer produced, given or served pursuant to discovery requests or subpoena in this litigation and designated by the producing party as "Attorneys Eyes Only" (the "material"), or any information contained in or derived from any of the foregoing material, shall be subject to the provisions of this Protective Order unless objected to by the non-producing party in writing, specifying the Bates-numbers of, or otherwise specifically identifying the objectionable documents. The submission of a written objection to the confidential designation by the non-producing party will require the producing party to establish entitlement to protected status. Should the parties not be able to reach agreement as to whether the documents in question should be protected, either party may submit the matter to the Court for determination. Regardless of which party submits the issue to the Court, the producing party retains the burden of establishing the producing party's need/entitlement to protection for such documents.

5.  The confidential material, and all copies thereof, shall be designated as "Attorneys Eyes Only" by stamping the legend "Attorneys Eyes Only" on each page thereof as to which confidentiality is claimed.

6.  No "Attorneys Eyes Only" material subject to this Confidentiality Agreement or extracts or summaries of "Attorneys Eyes Only" materials shall be given or shown to any person except the following: Plaintiff's attorney, inside corporate counsel and outside attorneys for

Belk, and the employees of such attorneys. In addition, any current employee of a party to this litigation or third party may view **that party's** "Attorneys Eyes Only" information.

No person allowed to view "Attorneys Eyes Only" material shall use any "Attorneys Eyes Only" material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this litigation, and each person shall take all steps reasonably necessary to protect the confidentiality of the material.

7. If counsel wishes to disclose "Attorneys Eyes Only" to any person not described in paragraph 6, they must proceed in the following manner: the names of the persons to whom "Attorneys Eyes Only" material is to be disclosed and a description of the Material to be disclosed to such person shall be provided in writing to lead counsel for the producing party ten (10) days in advance of disclosure. If no objection and motion for protective order are made within the 10-day period, disclosure to such named persons and only those persons may be made after the expiration of such 10-day period. Any such consent must be in writing. If an objection and motion are made within the 10-day period, such material <u>shall not</u> be disclosed pending a decision by the Court on such motion. Except for the party's counsel and their staff, any person who becomes authorized to receive "Attorneys Eyes Only" material pursuant to this paragraph (whether such authorization arises from the lack of an objection and motion for protective order or from the Court's ruling on a motion for protective order) shall, prior to the receipt of material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit "A." Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

8. No "Attorneys Eyes Only" Material shall be disclosed in a deposition to a person not authorized to receive it under this Order, absent agreement of the parties.

9. Any party seeking to file with the court or use "Attorneys Eyes Only" material in a hearing or at trial must first obtain Court approval by filing a Motion to File Under Seal. This motion will generally describe the "Attorneys Eyes Only" information and set forth the necessity for its receipt under seal. Only after the Court rules that such information may be received may "Attorneys Eyes Only" information be filed with the Court. Prior to bringing a Motion to File Under Seal, the parties shall confer in an effort to minimize the number of requests for *in camera* or sealed filings.

10. If any party is permitted to include "Attorneys Eyes Only" information in any documents filed with the Court, such documents shall be filed under seal in a container bearing the caption of the case, the identification of the documents, and the name of the party filing the sealed items. The container shall state:

> THIS ENVELOPE (OR CONTAINER) IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT TO COUNSEL OF RECORD IN THIS ACTION OR BY COURT ORDER OR PURSUANT TO STIPULATION OF THE DISCLOSING PARTY OR PARTIES TO THESE ACTIONS.
>
> THE ENVELOPE (OR CONTAINER) SHALL NOT BE OPENED WITHOUT FURTHER ORDER OF THE COURT EXCEPT BY QUALIFIED PERSONS, WHO SHALL RETURN SUCH ENVELOPE OR CONTAINER TO THE CLERK OF THE COURT APPROPRIATELY SEALED AND ENDORSED AS HEREIN ABOVE PROVIDED, OR PURSUANT TO STIPULATION OF THE DISCLOSING PARTY.

11. This Protective Order shall not be deemed a waiver of:

   a. Any party's right to object to any discovery requests on any ground;
   b. Any party's right to seek an order compelling discovery with respect to any discovery request;
   c. Any party's right to object to the confidential nature of the documents in court;
   d. Any party's right in any proceeding herein to object to the admission of any evidence on any ground;
   e. Any party's right to use its own documents and its own "Attorneys Eyes Only" material in its sole and complete discretion; or

    f. The status of any material as a trade secret.

  12. The provisions of this Protective Order shall continue in effect with respect to any "Attorneys Eyes Only" material until expressly released by the party furnishing such material, and such effectiveness shall survive the final determination of this action.  Any party may move the Court to amend any portion of this Protective Order.  Unless otherwise agreed by the party producing such material, within thirty (30) days of the final determination of this action, each party shall return all "Attorneys Eyes Only" material in its possession or control, and all copies, derivations and summaries thereof, to the party who furnished it, or certify that all such documents have been destroyed.  For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials and reviews, if any, of this action; or (iii) the expiration of the applicable limitations periods for the filing of or application for all appeals, rehearing, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

  13. The "Attorneys Eyes Only" material produced by the parties to this litigation may only be used for purposes of this litigation.

  14. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to documents inadvertently disclosed or any other documents, testimony or evidence.

  15. This Order may be modified or amended either by agreement of the parties or by order of the Court.

SO ORDERED on May 2, 2014.

s/Robert L. Hinkle
United States District Judge

AGREED TO:

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| /s/ Jamie M. Kimbrell | /s/ G. Thomas Harper |
| Marie A. Mattox, FBN 739685 | G. Thomas Harper, FBN 360880 |
| marie@mattoxlaw.com | Tom@employmentlawflorida.com |
| Jami M. Kimbrell, FBN 657379 | The Law and Mediation Offices of |
| jami@mattoxlaw.com | G. Thomas Harper, LLC. |
| 310 East Bradford Road | 1912 Hamilton Street, Suite 205 |
| Tallahassee, Florida 32303 | Post Office Box 2757 |
| Telephone: (850) 383-4800 | Jacksonville, FL 32203-2757 |
| Facsimile: (850) 383-4801 | Telephone: (904) 396-3000 |
| | Facsimile: (800) 393-5977 |

# EXHIBIT "A"

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

1. I have carefully read and understand the provisions of the Protective Order in the litigation styled MICHELLE ROBY, Plaintiff v. BELK, INC., Defendant, Civil Action No. 4:14-cv-00059-RH/CAS, which was filed in the United States District Court for the Northern District of Florida, Tallahassee Division and I agree to be bound by it.

2. I will only make such copies or notes concerning documents designated "Attorneys Eyes Only" material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

3. I will not reveal the contents of the confidential, "Attorneys Eyes Only" material to any unauthorized person.

4. I will not use "Attorneys Eyes Only" material for any purpose other than the prosecution or defense of claims in this action.

5. I consent to the exercise of personal jurisdiction by the United States District Court for the Northern District of Florida, Tallahassee Division, in connection with my obligations pursuant to the Stipulated Protective Order, and all matters associated therewith.

DATED this \_\_\_\_\_ day of _____, 2014.

By:_____

Name: _____
                         (print name)